IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEANNENE MITCHELL,

        Plaintiff,

        v.

SHELLY KOTT, et al.,

        Defendants.

_____

Case. No. 6:24-cv-484-MC

OPINION & ORDER

MCSHANE, Judge:

*Pro se* plaintiff Jeannene Mitchell seeks leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

Although Judge Kasubhai previously allowed Plaintiff's Amended Complaint (ECF No. 18) to proceed, the matter was referred to this Court to resolve Plaintiff's ex-parte motion under Federal Rule of Civil Procedure 65. In resolving that motion, the Court reviewed the operative Complaint. The Court has an ongoing duty to screen IFP applications and, upon review, concludes Plaintiff's claims are all barred by the relevant statute of limitations.

1 – Opinion & Order

Plaintiff brings a plethora of claims in her nearly 40-page Complaint. Although the Complaint is somewhat unclear, it is abundantly clear that all of Plaintiff's claims rely on her belief that Defendants are engaged in a conspiracy to embezzle funds from Plaintiff's late parents, Lillian and Richard Kott. Plaintiff alleges Defendants have stolen over $20,000,000 of her parents' funds and, in addition, have failed to provide any documentation to Plaintiff. Plaintiff alleges Richard Kott had health problems in 2002 and attempted to set up an annuity which would give each heir (at least some of the Defendants appear to be heirs) an inheritance. Compl. 16, ECF No. 18. Plaintiff alleges Defendant Shelly Kott interfered with Richard's wishes and, as a result, Richard died intestate.

In 2003, after Richard Kott died, Shelly Kott obtained a Power of Attorney for Lillian Kott. Plaintiff alleges Lillian Kott had dementia and could not handle her own affairs. In fact, Plaintiff alleges Lillian Kott "was not aware of what she was signing" when signing the Power of Attorney. Compl. 17. The gist of the Complaint is that Shelly Kott and other Defendants then spent the next two decades embezzling the funds of Richard and Lillian Kott while at the same time prohibiting any of Plaintiff's rightful inheritance from making it to Plaintiff. Lillian Kott passed away in 2012.

The problem for Plaintiff is that she knew of the alleged fraud and embezzlement over one decade ago. In 2011, Plaintiff opened police and Adult Protective Services investigations." Compl. 19. Plaintiff alleges the police only closed the case when Shelly Kott lied to police to cover up the embezzlement. Compl. 20.

Additionally, in 2017, "Plaintiff opens a Court case and Requests Formal Accounting." Compl. 20. Plaintiff dismissed that case because she "did not have jurisdiction for an elder abuse

2 – Opinion & Order

case." Compl. 20. At this same time, Plaintiff alleges Defendant US Bank "ignored" Plaintiff's requests for an accounting of the guardian account.

The statute of limitations passed years ago. Any action against a trustee must be commenced within six years of the date of discovery. ORS 12.274. Any action for libel or slander must be brought within two years. ORS 12.110. Plaintiff alleges she was unlawfully evicted a decade ago. But any such action must have been commenced within one year. ORS 12.125. Most of Plaintiff's claim sound in fraud. But Plaintiff had to bring those claims within two years of discovery. ORS 12.080. Any contractual claim has a six-year statute of limitations. ORS 12.080. Although the Court does not make out any personal injury claim, to the extent she had any, Plaintiff only had two years to bring those claims. ORS 12.110.

Again, Plaintiff knew of the purported fraud over 20 years ago, not long after her father passed away. And without a doubt, she had "discovered" the fraud no later than 2011, when she filed a police report against the alleged fraudsters. These specific factual allegations confirm Plaintiff's claims are all time-barred.

In Oregon, a plaintiff discovers an injury when they know or reasonably should know facts making them aware of a substantial possibility that a tort was committed against them by the defendant. *Gaston v. Parsons*, 864 P.2d 1319, 1323–24 (Or. 1994). A plaintiff does not need to know a specific legal theory of recovery or even the full extent of their injury for the statute of limitations clock to begin. *See Id.* at 1325 (statute of limitations runs when the plaintiff knows (or should know) facts demonstrating "a substantial possibility that he or she had suffered damage as a result of the tortious conduct."); *see also Dickson v. TriMet*, 412 P.3d 1188, 1192 (Or. Ct. App. 2018) (holding that a statute of limitations period is not tolled until the plaintiff is aware of the full extent of harm caused by a tortious act); *Raethke v. Oregon Health Scis. Univ.*,

3 – Opinion & Order

837 P.2d 977, 979 (Or. Ct. App. 1992) (*en banc*) (finding the statute of limitations clock began when the injured party should have known a surgery was negligently performed, not when she later learned it rendered her "permanently infertile."). Additionally, the detection of additional or different injuries resulting from an original tortious act does not restart the statute of limitations clock. *Dunn v. City of Milwaukie*, 348 P.3d 301, 304-05 (Or. Ct. App. 2015).

Even assuming Plaintiff's claims all had a six-year statute of limitations, those claims were time-barred six years after Plaintiff filed her 2011 police report. Additionally, to remove any doubt, the September 5, 2017 letter from Plaintiff's attorney, provided as Exhibit 1 to Plaintiff's Complaint, conclusively demonstrates Plaintiff suspected fraud at that time. The letter represents Plaintiff "as an interested party and successor in interest relating to the Estate of Lillian Kott." Compl. 40. The letter asks for any documents "relating to probating a will for Decedent," any copies of the will and amendments, and requests an accounting of the Decedents assets going back to 2003, including the amount on hand when decedent died in June 2012, and the relevant tax forms. Compl. 40–41.

Although Plaintiff alleges Defendants unlawfully ignored those requests, the time to make that challenge passed years ago. Plaintiff filed this action in March 2024; i.e., more than six years from that September 5, 2017 letter. Because Plaintiff's claims are clearly time-barred, this action is DISMISSED, with prejudice. Any pending motions are DENIED as moot.
IT IS SO ORDERED.

DATED this 30th day of July, 2024.

                                                                /s/ Michael McShane
                                                                   Michael McShane
                                                         United States District Judge